IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SAMANTHA BURKE, | § | CIVL ACTION NO. _____ |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| VICTORIA'S SECRET STORES, | § | |
| LLC, VICTORIA'S SECRET | § | |
| STORES BRAND MANAGEMENT, | § | |
| INC., and VICTORIA'S SECRET | § | |
| DIRECT BRAND MANAGEMENT, | § | |
| LLC, | § | JURY DEMANDED |
|     *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Samantha Burke files this Plaintiff's Original Complaint against Defendants Victoria's Secret Stores, LLC, Victoria's Secret Stores Brand Management, Inc., and Victoria's Secret Direct Brand Management, LLC, (collectively, "Victoria's Secret") and would respectfully show the following:

### INTRODUCTION

1. Victoria's Secret operates hundreds of retail stores and reaches even more potential customers over the internet and social media. Victoria's Secret sells billions in apparel and merchandise each year. Victoria's Secret designs, manufactures, assembles, inspects, tests, markets, distributes, and sells women's apparel under the labels Victoria's Secret and Victoria's Secret PINK. Victoria's Secret spends millions promoting and marketing the Victoria's Secret and Victoria's Secret PINK lifestyle and goods through print, television, digital and social media across the United States generally, and in the Southern District of Texas, specifically.

2. Victoria's Secret holds itself out as a producer of women's apparel of high quality

583620

that is safe and desirable to own and wear. Victoria's Secret markets its line of women's apparel for the purpose of selling clothing--including clothing purchased and worn by Samantha Burke--to customers across the United States generally and in the Southern District of Texas specifically.

3. It is foreseeable that the women's apparel manufactured, marketed and sold by Victoria's Secret will be exposed to heat and/or fire, including heat and/or fire from a stove. Victoria's Secret knows its women's apparel has caught fire and burned in the past, injuring its customers. Victoria's Secret knew or should have known of the unreasonably dangerous and unsafe condition of its women's apparel because of the flammability of such apparel, and also because the apparel is not adequately and sufficiently flame resistant. Despite such knowledge, Victoria's Secret designed, manufactured, marketed, and sold its women's apparel without reducing the risk of its flammability or warning of its dangers. Even today, Victoria's Secret does not inform customers of these risks.

4. Victoria's Secret designed, manufactured, marketed, and sold a Victoria's Secret hoodie, t-shirt and bra (collectively, the "Victoria's Secret Apparel") to Samantha Burke that burst into flame while she cooked, resulting in severe and irreparable injury to her body. She will bear the scars on her body, and in her memory, forever. Mrs. Burke files this lawsuit in the hopes that her injuries will be the last Victoria's Secret inflicts on its unsuspecting customers.

## I.     PARTIES

5. Plaintiff Samantha Burke is a citizen of Texas and resides in the Southern District of Texas.

6. Defendant Victoria's Secret Stores, LLC is incorporated under the laws of Delaware with a principal place of business in Ohio. It is registered to do business, and does business, in Texas. It may be served with process by serving its registered agent, CT Corporation

System, 1999 Bryan St., Ste 900, Dallas TX 75201-3136.

7.   Victoria's Secret Stores Brand Management, Inc., is incorporated under the laws of Delaware with a principal place of business in Ohio. It does business in the State of Texas and in this District, but does not maintain an agent for service of process in Texas. It may be served by mail in conformity with Texas law by sending the Complaint to Victoria's Secret Stores Brand Management, Inc.'s home office located at Four Limited Parkway East, Reynoldsburg, Ohio 43068.

8.   Victoria's Secret Direct Brand Management, LLC, is incorporated under the laws of Delaware with a principal place of business in Ohio. It does business in the State of Texas and in this District, but does not maintain an agent for service of process in Texas. It may be served by mail in conformity with Texas law by sending the Complaint to Victoria's Secret Direct Brand Management, LLC's home office located at Five Limited Parkway East, Reynoldsburg, Ohio 43068.

9.   Victoria's Secret Stores, LLC, Victoria's Secret Stores Brand Management, Inc., and Victoria's Secret Direct Brand Management, LLC are referred to collectively herein as "Victoria's Secret."

## II.   JURISDICTION AND VENUE

10.   Venue is proper in the Southern District of Texas because, in addition to other reasons contained herein, a substantial part of the events or omissions giving rise to these claims occurred in the Southern District of Texas. The Victoria's Secret Apparel was designed for, marketed to, sold to, and delivered to Samantha Burke in the Southern District of Texas. Samantha Burke was injured by the Victoria's Secret Apparel in the Southern District of Texas.

11.   Victoria's Secret directs marketing and sales efforts to the Southern District of

Texas, Galveston Division through its television, direct mail, digital, internet, and social media marketing.

12. The Victoria's Secret website has a high level of interactivity of a commercial nature with potential and actual Victoria's Secret customers in the Southern District of Texas. Those Southern District of Texas internet customers can view marketing directed to them, "live chat" with Victoria's Secret sales representatives, view content calculated to facilitate the formation of contractual relationships for the sale of Victoria's Secret goods, and actually select, order, pay for, and purchase Victoria's Secret goods in the Southern District of Texas. The Southern District of Texas is a region to which Victoria's Secret ships its products.

13. Samantha Burke shopped for, found information about, selected, paid, purchased and directed the shipping of the Victoria's Secret Apparel through Victoria's Secret's internet site while she was present in the Southern District of Texas. The Victoria's Secret Apparel, once purchased, was delivered by Victoria's Secret to Samantha Burke in the Southern District of Texas.

14. Victoria's Secret PINK line includes a collegiate line of products targeting customers in the Southern District of Texas. The Victoria's Secret PINK apparel contains the colors for and/or logos of the University of Houston, Texas A&M University, and the University of Texas, each of which has facilities in the Southern District of Texas, the latter two of which have facilities in the Galveston Division. Victoria's Secret also operates a store in Lake Jackson, which is within the Southern District of Texas, Galveston Division. Victoria's Secret resides in the Southern District of Texas, Galveston Division, and is subject to this Court's jurisdiction.

15. This Court has specific personal jurisdiction over each Defendant. First, each Defendant has sufficient minimum contacts with the State of Texas to support the exercise of specific personal jurisdiction over that Defendant because each Defendant purposefully directed

583620

its activities with respect to the marketing and selling of the Victoria's Secret Apparel toward the State of Texas. Each Defendant also purposefully availed itself of the privileges of conducting business in the State of Texas by marketing and selling the Victoria's Secret Apparel in the State of Texas. Second, Samantha Burke's claims arise out of, relate to and result from each Defendant's marketing, sale and delivery of the Victoria's Secret Apparel in (and to) the Southern District of Texas. Absent each Defendant's marketing, sale and delivery of the Victoria's Secret Apparel to Samantha Burke in the Southern District of Texas, Samantha Burke would not have been wearing the Victoria's Secret Apparel and would not have sustained her injuries. Third, this Court's exercise of personal jurisdiction over each Defendant is fair and reasonable and does not offend traditional notions of fair play and substantial justice. Among other reasons, (1) Texas has a compelling state interest in having this dispute adjudicated in this forum because its resident Samantha Burke was seriously injured by the Victoria's Secret Apparel that each Defendant marketed, sold, shipped and delivered to Samantha Burke in the Southern District of Texas; (2) Samantha Burke has a compelling interest in obtaining relief for the damages resulting from each Defendant's tortious conduct; (3) the most efficient resolution of Samantha Burke's claims is to resolve them in this forum; and (4) Texas's interest in furthering fundamental substantive social policies is best furthered by resolving Samantha Burke's claims in this forum. Because each Defendant's contact with the State of Texas stems from a product (the Victoria's Secret Apparel) marketed to, sold in, and delivered to Texas by each Defendant, and that product has caused harm in the State of Texas (the injuries to Samantha Burke described herein), this Court has specific personal jurisdiction over each Defendant because each Defendant sold and delivered the Victoria's Secret Apparel to Samantha Burke with the knowledge and expectation that it was or would be purchased and used by Samantha Burke or other consumers in the State of Texas.

583620

16. Samantha Burke is a citizen of the State of Texas and lives in the Southern District of Texas. Victoria's Secret is incorporated under the laws of the State of Delaware and has a principal place of business in the State of Ohio. The amount in controversy is more than $75,000, not counting interest and costs of court. Jurisdiction is proper in this Court pursuant to 28 U.S.C. Section 1332 because the parties are diverse and the damages sought exceed the minimum jurisdictional limits of this Court.

### III.   FACTS

17. This case involves serious personal injuries that resulted from the Victoria's Secret Apparel designed, manufactured, warranted, marketed, and sold by Victoria's Secret and sold under the Victoria's Secret and Victoria's Secret PINK labels.

18. At all relevant times, Victoria's Secret was engaged in the business of designing, manufacturing, marketing, and selling clothing for the general public. Victoria's Secret designed, manufactured, marketed, warranted, and sold the Victoria's Secret Apparel involved in this lawsuit.

19. Victoria's Secret marketed, sold, and delivered the Victoria's Secret Apparel to Samantha Burke in the Southern District of Texas.

20. On evenings and weekends, Samantha Burke enjoyed relaxing and wearing the soft and comfortable hoodies and t-shirts that Victoria's Secret manufactured, marketed and sold in its "Victoria's Secret PINK" product line. Samantha Burke also regularly wore Victoria's Secret bras.

21. On November 21, 2016, Samantha Burke was in her kitchen at home, looking forward to Thanksgiving. She was at her gas cooktop in her kitchen, heating up homemade soup that she and her husband had made over the weekend. She was wearing the Victoria's Secret

583620

Apparel.

22. When the soup was sufficiently warm, she went to move the saucepan to the countertop in order to serve the soup.

23. While moving the soup from burner to countertop, Samantha Burke smelled something burning and realized that the drawstring on her Victoria's Secret PINK hoodie had caught fire. She set the soup down so she could immediately put out the fire on the drawstring.

24. As she set the soup on her counter, she saw flames on the right side of her body. The Victoria's Secret Apparel was on fire and was burning her. She recalls seeing the flames, recalls the intensity of the fire, heat and pain, and recalls being in a state of shock.

25. She screamed.

26. Her husband, Larry Burke, was in the same large, open room that includes both the kitchen and the living room in their home. He yelled for her to drop and roll as he ran toward her. She did, but the fire did not go out immediately. Samantha Burke felt like the fire was growing more intense. By then, Larry was by her side to help, and together, they put the fire out with their bare hands.

27. Larry immediately dialed 911, and shortly thereafter the fire department and EMS arrived.

28. Samantha Burke was immediately taken to the hospital by ambulance.

29. Samantha Burke was diagnosed with third degree burns.

30. She endured surgery and skin grafts.

31. She and Larry agonized through wound care at the graft site and at the donor site. Larry knew he needed to treat Samantha Burke's wounds to help them heal, but he found it almost unbearable to see the pain inflicted on his wife by the treatment. He hated the way she would

wince when he approached her, both of them knowing the pain that the treatments would inflict in order to help her heal.

32. Samantha Burke spent weeks in an airplane splint so her body could start to heal. The posture required by the splint caused her body to ache.

33. Between the burns, donor site, and muscle fatigue, Samantha Burke was trapped in acute pain that would not stop and for which pain medication only lessened the pain's severity, but provided no real relief.

34. Even sleep provided no relief. Her sleep was haunted by nightmares of being trapped in fire in her home or intense dreams of tragedy befalling family and close friends – dreams she had never had before. When not interrupted by nightmares, her sleep was interrupted by pain. She would awake to find any healing overnight was reversed by motion from moving in her bed or from unconscious scratching she engaged in while asleep.

35. The donor site for Samantha Burke's skin grafts chafed and blistered and was slow to improve.

36. Samantha Burke followed her doctor's direction to try compression garments, only to learn after painful hours in them that she had not yet healed enough for them.

37. When her skin had improved sufficiently that she could wear compression garments, Samantha Burke found that the abrasion and pain that the compression garments caused was nearly unbearable, yet had to be endured each day.

38. Samantha Burke felt hopeless, as though her burned skin and donor site would not heal and the pain would not end.

39. In January, Samantha Burke decided to go back to work, to try to distract herself from her pain, her discomfort, and the flashbacks to the day of the fire. She struggled to regain

sufficient energy and focus to do her job. She struggled to get through each day.

40. Samantha Burke's doctor told her that the burn site had reached "maximum improvement." When she looked at the burn site, she saw charred, disfigured, scarred skin that had no elasticity and could not be exposed to sunlight or heat. It hurt her deeply to think this was the best that things would ever get.

41. Her skin has never felt comfortable again.

42. Samantha Burke tried to immerse herself in her job. She tried to work on breaking up scar tissue identified by her doctors. She could not find relief in work or in attempting to correct her injuries.

43. She lost the ability to sleep, waking constantly from nightmares of being trapped in fire and tragedies impacting those she cares about. Some nights she simply sat awake, unable to sleep, feeling numb, lost, and distraught.

44. Samantha Burke's new reality is a far cry from the "spirit, humor, optimism and self-confidence" that the "spirited lifestyle brand" Victoria's Secret PINK promises its consumers.

45. By way of example, Samantha Burke recently attended a national meeting for her job during which she was presenting. She wore a lightweight sweater. Some of her colleagues lauded her hard work and perseverance during her recovery, knowing she had tried to work as hard as she could during her recovery. She could not enjoy their praise, however, because her sweater irritated her skin so badly that as the day progressed, her skin began to bleed.

46. Unplanned, unpleasant surprises are the new reality of the skin at the burn and donor sites, and the new reality of her life. She simply cannot anticipate all of the needs and the irregularities of her damaged skin.

47. Samantha Burke cannot "Live Cool. Live Comfy.," the lifestyle and experience

583620

marketed by Victoria's Secret PINK. She cannot live this life because of the injuries Victoria's Secret caused.

48. Samantha Burke's life has been changed forever because of the Victoria's Secret Apparel that burned her.

## IV.  CAUSES OF ACTION

A.   Strict Liability for Defective Design

49. Samantha Burke incorporates the foregoing by reference.

50. Victoria's Secret is strictly liable to Samantha Burke for designing the Victoria's Secret Apparel that burned and injured her. The Victoria's Secret Apparel was defectively designed so as to render it unreasonably dangerous for its intended use at the time it was sold.

51. It was foreseeable to Victoria's Secret that its consumers would wear Victoria's Secret Apparel while around heat and/or fire, and while cooking.

52. The Victoria's Secret Apparel was intended to reach and did reach consumers like Samantha Burke without substantial change in the condition in which it was sold.

53. The Victoria's Secret Apparel was unreasonably dangerous and defective when it was sold by Victoria's Secret to Samantha Burke.

54. There were safer alternative designs for the Victoria's Secret Apparel and its component parts, including using less flammable materials or materials that were adequately flame resistant.

55. The defects in the designs of the Victoria's Secret Apparel were a producing cause of Samantha Burke's injuries and damages.

B.   Strict Liability for Defective Marketing

56. Samantha Burke incorporates the foregoing by reference.

583620

57. Further and in the alternative, Victoria's Secret is strictly liable to Samantha Burke because Victoria's Secret knew or should have known of the flammability risks associated with the Victoria's Secret Apparel that may arise from its reasonably foreseeable use, but failed to warn (and/or adequately warn or instruct) of the risk of harm from the use of the Victoria's Secret Apparel.

58. The Victoria's Secret Apparel was unsafe, unreasonably dangerous, and defective in the absence of such a warning, and this was its condition at the time it left the manufacturer.

59. Victoria's Secret's marketing defect (both warning and instruction) was a producing cause of Samantha Burke's injuries and damages.

C. Negligent Design

60. Samantha Burke incorporates the foregoing by reference.

61. Further and in the alternative, Victoria's Secret failed to exercise ordinary care in the design and production of the Victoria's Secret Apparel. The Victoria's Secret Apparel could have been designed using less flammable materials or materials that were adequately flame resistant.

62. The negligent design condition existed at the time the Victoria's Secret Apparel left the manufacturer.

63. The negligent design was the proximate cause of Samantha Burke's injuries.

D. Negligent Failure to Warn

64. Samantha Burke incorporates the foregoing by reference.

65. Further and in the alternative, Victoria's Secret owed a duty to warn (and/or adequately warn or instruct) users like Samantha Burke of foreseeable and known risks associated with the Victoria's Secret Apparel, such as its flammability and/or lack of flame resistance.

583620

66. The dangers and risks in the Victoria's Secret Apparel were reasonably foreseeable and/or scientifically discoverable at the time Samantha Burke was exposed to them.

67. Victoria's Secret's negligent failure to warn and/or instruct Samantha Burke of those dangers and risks was a proximate cause of her injuries.

E.      Gross Negligence

68. Samantha Burke incorporates the foregoing by reference.

69. Further and in the alternative, Victoria's Secret's conduct constitutes gross negligence as recognized under Texas law. Samantha Burke seeks exemplary damages as allowed by Texas law.

70. Specifically, Victoria's Secret's conduct, when viewed objectively from Victoria's Secret's standpoints at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Victoria's Secret knew its products were flammable and/or lacked flame resistance. Victoria's Secret also knew its customers would be around open flames, including but not limited to flames involved with cooking. Furthermore, Victoria's Secret had actual, subjective awareness of the risk(s) but proceeded with a conscious indifference to the rights, safety, or welfare of its customers like Samantha Burke.

V.      DAMAGES

71. Samantha Burke seeks to recover all damages and all elements of damages, both actual and punitive, which she is legally entitled to recover, including, without limitation, the elements of damages referred to herein, all of which were legally caused by Victoria's Secret's conduct.

72. Samantha Burke suffered severe physical injuries as a result of the facts described above. Her injuries resulted in surgeries, hospital care, and other medical bills. Samantha Burke

also suffered tremendous physical pain and mental anguish due to her burn injuries.

73. Samantha Burke will continue to suffer from her injuries, and will sustain damages in the future as well.

74. Samantha Burke missed work because of the facts described above.

75. This incident has taken an incalculable toll on her life, her marriage, and her professional development and personal relationships.

76. Samantha Burke has been permanently disfigured when she was burned and will be forever disfigured, no matter how many surgeries she has.

77. Samantha Burke has suffered physical impairment from her burns. She will suffer from these impairments for the rest of her life.

78. Samantha Burke will require medical treatment in the future, in addition to the extensive medical treatment she has received in the past, and will continue to incur substantial medical bills.

## VI. CONDITIONS PRECEDENT

79. All conditions precedent to Samantha Burke's right to recover and to Victoria's Secret's liability have been performed or have occurred.

## VII. JURY REQUEST

80. Samantha Burke requests this case be heard by a Jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Samantha Burke respectfully prays that Defendants be cited to appear and answer herein, and that upon final trial of this case, Defendants be held liable for Plaintiff's damages and that the Court award the following relief:

a) actual and exemplary damages;

b) pre- and post-judgment interest;

c) costs of court; and

d) any and all other relief to which she may be entitled.

Respectfully submitted,

HAGANS MONTGOMERY & RUSTAY

*/s/ Fred Hagans*
Fred Hagans
Attorney in Charge
State Bar No. 08685500
S.D. Tex. ID No. 2457
Jennifer B. Rustay
State Bar No. 24002124
S.D. Tex ID No. 23980
3200 Travis, Fourth Floor
Houston, Texas 77006
Telephone: (713) 222-2700
Facsimile: (713) 547-4950
fhagans@hagans.law
jrustay@hagans.law