UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SAMANTHA BURKE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-281 |
| | § | |
| VICTORIA'S SECRET STORES, LLC, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

The defendants have requested that the Court compel production of certain documents relating to the plaintiff's psychological treatment—specifically, session notes taken by the plaintiff's psychologist and an intake form that the plaintiff filled out for the psychologist when she began therapy.[1] The Court has reviewed all of the sought documents *in camera* and has examined the filings in this case and the applicable privilege law. The defendants' requests are respectfully **DENIED**.

The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 (Dkt. 23 at p. 5), so Texas privilege law applies. *See* Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). Under Texas privilege law, "a patient has a privilege to refuse to disclose and to prevent any other person from disclosing . . . a confidential communication between the patient and a [mental health] professional" or any of that patient's

---

[1] The parties have filed several letters under seal regarding these requests (Dkt. 49–53, 66–68).

1 / 4

"evaluation[s] or treatment [records]." *See* Tex. R. Evid. 510(b). Although Texas Rule of Evidence 510(d)(5) outlines a "patient-litigant exception" to this privilege for cases where a "party relies on the patient's physical, mental, or emotional condition as a part of the party's claim[,]" Texas courts have consistently held that a plaintiff's mere pleading of general mental anguish is not enough to trigger that exception. *See, e.g., In re Whipple*, 373 S.W.3d 119, 123 (Tex. App.—San Antonio 2012, orig. proceeding) (citing *Coates v. Whittington*, 758 S.W.2d 749, 753 (Tex. 1988) (orig. proceeding)); *In re Williams*, No. 10-08-00364-CV, 2009 WL 540961, at *5 (Tex. App.—Waco Mar. 4, 2009, orig. proceeding); *In re Pennington*, No. 02-08-00233-CV, 2008 WL 2780660, at *4 (Tex. App—Fort Worth July 16, 2008, orig. proceeding); *In re Doe*, 22 S.W.3d 601, 610 (Tex. App.—Austin 2000, orig. proceeding). The caselaw indicates, however, that a plaintiff does put her mental and emotional condition into issue when she "alleges severe emotional damages, including post-traumatic stress disorder[.]" *Groves v. Gabriel*, 874 S.W.2d 660, 661 (Tex. 1994) (orig. proceeding) (quotation marks omitted); *see also Doe*, 22 S.W.3d at 610.

These holdings stem in large part from the Texas Supreme Court's admonition that:

> [c]ommunications and records should not be subject to discovery if the patient's condition is merely an evidentiary or intermediate issue of fact, rather than an "ultimate" issue for a claim or defense, or if the condition is merely tangential to a claim rather than "central" to it. The scope of the exception should be tied in a meaningful way to the legal consequences of the claim or defense. This is accomplished, we believe, by requiring that the patient's condition, to be a "part" of a claim or defense, must itself be a fact to which the substantive law assigns significance. For example, an allegation that a testator is incompetent is an allegation of a mental "condition," and incompetence, if found, is a factual determination to which legal consequences attach: the testator's will is no longer valid.
>
> . . .

> In other words, information communicated to a doctor or psychotherapist may be relevant to the merits of an action, but in order to fall within the litigation exception to the privilege, the condition itself must be of legal consequence to a party's claim or defense.

*R.K. v. Ramirez*, 887 S.W.2d 836, 842–43 (Tex. 1994).

The Texas Supreme Court has also stressed that "[w]hether a condition is a part of a claim or defense should be determined on the face of the pleadings, without reference to the evidence that is allegedly privileged." *Id.* at 843 n. 7.

Here, the plaintiff has only pled general mental anguish damages in her live complaint (Dkt. 23 at p. 16). Although her complaint briefly mentions nightmares and emotional distress, her descriptions of her injuries primarily focus on her physical pain. Under these circumstances, the plaintiff's mental condition is merely an evidentiary or intermediate issue of fact, rather than an "ultimate" issue for any of her claims. The Court finds that, as to the materials submitted for *in camera* review, the mental health information privilege applies, and the patient-litigant exception does not. *See Coates*, 758 S.W.2d at 753 ("A routine allegation of mental anguish or emotional distress does not place the party's mental condition in controversy. The plaintiff must assert mental injury that exceeds the common emotional reaction to an injury or loss.").[2] Moreover, the Court is not convinced that the defendants have pointed to a valid waiver of the mental health records

---

[2] Relatedly, the Court further notes, based on its review of the pleadings in this case and its *in camera* review of the documents themselves, that the documents sought are not discoverable under Texas privilege law because they contain no obviously relevant information that would justify the "incursion into [the plaintiff's] private affairs" occasioned by their production. *See R.K. v. Ramirez*, 887 S.W.2d 836, 843 & n. 7 (Tex. 1994).

privilege. The defendants argue that the plaintiff waived the privilege by signing an informed consent form indicating that "confidentiality may be breached if records are subpoenaed by a court of law" (Dkt. 50 at p. 2). This Court, however, has not subpoenaed any records from the plaintiff's psychologist and will not equate the defendants' wish to obtain the records to a formal subpoena issued by this Court.

    SIGNED at Galveston, Texas, on ___November 6___, 2018.

                                                                     GEORGE C. HANKS, JR.
                                                       UNITED STATES DISTRICT JUDGE